NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW E. ARMSTRONG,             )<br>                                                     )<br>       Plaintiff,                              )<br>                                                     )<br>  vs.                                             )<br>                                                     )<br>B. CURRY, Warden, et al.,          )<br>                                                     )<br>       Defendants.                         )<br>_____) | No. C 07-6377 JF (PR)<br><br>ORDER DISMISSAL WITH<br>LEAVE TO AMEND<br><br><br>(Docket No. 4) |

Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against Correctional Training Facility personnel. Plaintiff was granted leave to proceed in forma pauperis in an earlier order. The Court will dismiss the complaint with leave to amend.

**DISCUSSION**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

In his complaint, Plaintiff claims that prison officials violated his constitutional right to due process because they found him guilty of violating prison rules based on insufficient evidence. Plaintiff does not allege, however, even the most basic facts regarding his discipline, nor does he attach the forms allege any facts that show that any of the Defendants violated any of his constitutional rights. Specifically, Plaintiff does not allege when, where, how or by whom he was disciplined, what punishment he received, or what evidence was relied upon that fails to meet the low, "some evidence" requirement of due process. See Superintendent v. Hill, 472 U.S. 445, 457 (1985). Plaintiff also does not attach any of the Rules Violation Reports that would contain such information.

Moreover, Plaintiff has not alleged how any individual Defendant was involved in violating his constitutional rights. To state a claim under § 1983, a plaintiff must set forth specific facts as to each individual defendant's conduct that proximately caused a violation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Here, the complaint lists nine individual Defendants, but Plaintiff simply alleges that "Defendants" as a whole violated his constitutional rights. Plaintiff has not alleged how each individual Defendant was involved in his discipline. Plaintiff has named various supervisor officials as Defendants; the simple fact that they are supervisors does not by itself suffice to plead a § 1983 claim, however, because only those individual officials who actually engage in unlawful conduct can be held liable. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978) (rejecting concept of respondeat superior liability in § 1983 context and requiring individual liability for constitutional violation); Taylor v. List, 880 F.2d 1040,

Order of Dismissal with Leave to Amend
P:\pro-se\sj.jf\cr.07\Armstrong377dwlta           2

1045 (9th Cir. 1989) (holding personal participation required for finding of supervisorial liability based on alleged constitutional violations).

Plaintiff will be given leave to amend to cure the deficiencies described above.

## CONCLUSION

1. The Complaint is DISMISSED with leave to amend within **thirty days** from the date this order is filed to cure the deficiencies described above. The amended complaint must include the caption and civil case number used in this order (07-6377 JF (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint in accordance with this order will result in dismissal of this action.**

2  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

3. Plaintiff's second motion for leave to proceed in forma pauperis (Docket No. 4) is DENIED as unnecessary in light of the Court's prior order granting such leave.

This order terminates Docket No. 4.

IT IS SO ORDERED.

DATED: 5/8/08

JEREMY FOGEL
United States District Judge