NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW E. ARMSTRONG,<br><br>    Plaintiff,<br><br>  vs.<br><br>B. CURRY, Warden, et al.,<br><br>    Defendants. | No. C 07-06377 JF (PR)<br><br>ORDER GRANTING MOTION TO DISMISS; DENYING MOTION FOR STAY AS MOOT<br><br><br><br>(Docket Nos. 35 & 37) |

Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against prison officials at the Correctional Training Facility ("CTF") in Soledad. Finding the amended complaint, liberally construed, stated cognizable claims, the Court ordered service upon Defendants. Defendants B. Curry, I. Soekardi, J. Hill, A. Tucker, S. Caravello, J. Aboytes, G. Ortiz, and J Biggs filed a motion to dismiss based on several grounds, including for failure to state a claim and on the grounds of qualified immunity. (Docket No. 35.) Plaintiff did not file opposition although he was given an opportunity to do so.

///

///

**BACKGROUND**

According to the allegations in the amended complaint, Plaintiff received a Rules Violation Report ("RVR") on December 22, 2006, charging him with "conspiracy to introduce tobacco... by means of visiting." (Am. Compl. at 2.) Plaintiff was found guilty of the charge and assessed 60 days forfeiture of credit as well as suspension of several privileges. (Id. Ex. A.) Plaintiff challenges the RVR, claiming that it was based on insufficient evidence, *i.e.*, five letters which were "improperly and erroneously assumed to be mailed out [of] the institution by Plaintiff." (Am. Compl. at 2.) Plaintiff seeks dismissal and expungement of the RVR from his file, restoration of all suspended rights and privileges, and compensatory damages.

**DISCUSSION**

**A.   Failure to State a Claim**

Failure to state a claim is a grounds for dismissal before service under both sections 1915A and 1915(e)(2), as well as under Rule 12(b)(6). Dismissal for failure to state a claim is a ruling on a question of law. See Parks School of Business, Inc., v. Symington, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007) (citations omitted).  A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face."  Id. at 570; see, e.g., Ashcroft v. Iqbal, 129 S. Ct. 1937, 1952 (2009) (finding under Twombly and Rule 8 of the Federal Rules of Civil Procedure, that complainant-detainee in a Bivens action failed to plead sufficient facts "plausibly showing" that top federal officials "purposely adopted a policy of classifying post-September-11 detainees as 'of high interest' because of their race, religion, or national origin" over more likely and non-discriminatory explanations).

Interests protected by the Due Process Clause may arise from two sources--the Due Process Clause itself and laws of the states.  See Meachum v. Fano, 427 U.S. 215, 223-27 (1976).  Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law.  See Sandin v. Conner, 515 U.S. 472, 484 (1995).  Deprivations authorized by state law that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance."  See id. at 477-87.

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  Thus although prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply, where serious rules violations are alleged and the sanctions to be applied implicate state statutes or regulations which narrowly restrict the power of prison officials to impose the sanctions and the sanctions are severe, the Due Process Clause requires certain minimum procedural protections.  See id. at 556-57, 571-72 n.19.  The placement of a California prisoner in isolation or segregation, or the assessment of good-time credits against him, as a result of disciplinary proceedings, for example, is subject to Wolff's procedural

protections if (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty in question is one of "real substance." See Sandin, 515 U.S. at 477-87.

Allegations by a prisoner that he was denied due process in conjunction with a disciplinary proceeding do not present a constitutionally cognizable claim, however, unless the deprivation suffered is one of "real substance" as defined in Sandin. "Real substance" will generally be limited to freedom from (1) restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," id. at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," id. at 487.

Defendants argue that Plaintiff fails to state a due process claim with respect to the RVR at issue. Defendants argue that the evidence used against Plaintiff were five letters from Plaintiff to his son, brother, and daughter, which included plans and instructions from Plaintiff to his family members on how to smuggle tobacco him in prison by means of visiting and how to launder the resulting profits. (Mot. at 3.) The specific content of these letters is quoted in detail in the RVR, a copy of which Plaintiff attached to his complaint. (See Am. Compl., Ex. A.) Defendants contend that Plaintiff's complaint should be dismissed because the RVR attached thereto contains sufficient information regarding the letters to show that there was some evidence with indicia of reliability to support the finding of guilt, and therefore no due-process violation occurred. (Mot. at 10.)

Plaintiff's sole allegation is that prison officials wrongfully concluded that these letters were authored by Plaintiff because they did not establish a complete chain of custody at his disciplinary hearing. Plaintiff claims that there is no chain of custody to establish that these "typed letters" with a handwritten CDC number were from him. (Am. Compl. at 2-3.) In other words, Plaintiff would have the Court believe that one or more unidentified authors fabricated these five letters in his name and addressed them to his family over the course of two months in order to frame Plaintiff for this disciplinary

1  action. However, the Court finds no evidence in the record to support this theory, and
2  Plaintiff offers none.

3  In <u>Superintendent v. Hill</u>, 472 U.S. 445, 454 (1985), the Court held that the
4  revocation of good-time credits does not comport with the minimum requirements of
5  procedural due process in <u>Wolff</u> unless the findings of the prison disciplinary board are
6  supported by some evidence in the record. The standard for the modicum of evidence
7  required is met if there was some evidence from which the conclusion of the
8  administrative tribunal could be deduced. <u>See id.</u> at 455. An examination of the entire
9  record is not required nor is an independent assessment of the credibility of witnesses or
10 weighing of the evidence. <u>See id.</u> The relevant question is whether there is any evidence
11 in the record that could support the conclusion reached by the disciplinary board. <u>See id.</u>
12 The Court reiterated that revocation of good-time credits is not comparable to a criminal
13 conviction and neither the amount of evidence necessary to support such a conviction, nor
14 any other standard greater than some evidence, applies in this context. <u>See id.</u> at 456.
15 Without examining the entire record or doing an independent assessment of the credibility
16 of the evidence as proscribed by the Supreme Court, it is clear that the five letters which
17 were on their face addressed from Plaintiff to members of his immediate family members
18 constitute some evidence to support the guilty finding for conspiracy to smuggle and sell
19 contraband in prison.

20 The Ninth Circuit additionally has held that there must be some indicia of
21 reliability of the information that forms the basis for prison disciplinary actions. <u>See</u> <u>Cato</u>
22 <u>v. Rushen</u>, 824 F.2d 703, 704-05 (9th Cir. 1987) (only evidence implicating defendant
23 placed in disciplinary segregation was uncorroborated hearsay statement of confidential
24 informant who had no first hand knowledge of any relevant statements or actions of
25 defendant and polygraph statement of inmate who made statement was inconclusive).
26 Here, there were five letters written over the course of two months to three separate
27 family members, the contents of which were all consistent with respect to a conspiracy to
28 introduce contraband into prison through visitation. Furthermore, there was a reference in

1  one of the letters regarding a specific visitation, which was corroborated by the visiting
2  records. The Court finds that taken together, the letters bear some indicia of reliability.
3  Accordingly, Defendants' motion to dismiss is GRANTED for failure to state a claim,
4  and all claims against these Defendants are DISMISSED.[1]

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss, (Docket No. 35), is GRANTED for failure to state a claim. All claims against Defendants B. Curry, I. Soekardi, J. Hill, A. Tucker, S. Caravello, J. Aboytes, G. Ortiz, and J Biggs are DISMISSED with prejudice. Defendants' motion for stay of discovery, (Docket No. 37) is DENIED as moot.

No claims were made against Defendant N. Grannis in the amended complaint. Accordingly, Defendant Grannis is DISMISSED from this action.

This order terminates Docket Nos. 35 and 37.

IT IS SO ORDERED.

DATED: 3/4/11

JEREMY FOGEL
United States District Judge

---

[1] Because the Court finds that no constitutional violation occurred, it is not necessary to reach Defendants' qualified immunity argument.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANDREW E. ARMSTRONG,

    Plaintiff,

v.

B. CURRY, et al.,

    Defendants.

Case Number: CV07-06377 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 3/10/11, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Andrew Emil Armstrong H-44225
Correctional Training Facility
PO Box 689
E-135
Soledad, CA 93960-0689

Dated: 3/10/11

Richard W. Wieking, Clerk